IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| HARLEY V. ROBERTS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 97-H-2091-NE |
| ) | |
| WARDEN JAMES DELOACH, and ) | |
| THE ATTORNEY GENERAL FOR THE ) | |
| STATE OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM OF OPINION**

In this action, the petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutional validity of his 1992 capital murder conviction. On February 8, 1999, a magistrate judge of this court entered a report and recommendation that the petition be dismissed as time-barred by the applicable statute of limitations in 28 U.S.C. § 2244(d).

**I. THE PETITIONER'S OBJECTIONS**

The petitioner has filed lengthy objections to the report and recommendation, asserting that the court's finding that his second post-conviction was an improper successive petition under Alabama law which did not toll the running of the statute of limitations, is erroneous for a number of reasons. Initially, he asserts that the reason for his filing the second petition was so that he could "exhaust all of the claims that he intended to present before seeking federal review." (Doc. 22, p. 2). He seeks to excuse the filing of the successive petition by claiming that he was proceeding *pro se*. (*Id.*, p. 3). Next, he asserts that a failure to address his claims would

result in a miscarriage of justice because he was denied due process and a fair trial. (*Id.*, p. 4). He further asserts that "the majority of the courts [that] have considered [the] issue [of what is a properly filed application] have concluded that 'a properly filed application' is one submitted according to the state's procedural requirements such as the rules governing notice and the time and place of filing." (*Id.*, p. 5)(citations omitted). Finally, he makes a conclusory claim that he is factually innocent. (*Id.*, p. 9).

## II. DISCUSSION

### A. The Petitioner's *Pro Se* Status

The petitioner's decision to file a second Rule 32 petition, which was procedurally barred from review by the state courts, cannot be excused merely because the petitioner was proceeding *pro se*. If such were the case, the procedural requirements for filing state and federal post-conviction petitions for relief would have no force and effect as most petitioners proceed *pro se*.

### B. The Petitioner's Miscarriage of Justice and Actual Innocence Claims

The petitioner next asserts that it would be a miscarriage of justice not to consider his petition. He further asserts that he is actually innocent. These assertions are without merit.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") does not include an exception to the one-year statute of limitations for claims of actual innocence. The courts which have been presented with the issue have resolved the matters before them without addressing whether AEDPA implicitly includes such an exception. *See, e.g., Cromwell v. Keane*, 33 F. Supp. 2d 282, 287 (S.D.N.Y. 1999)(additional cases cited therein); *Alexander v. Keane*, 991 F. Supp. 329, 338 (S.D.N.Y. 1998). In resolving those cases on the issue of whether the particular petitioner had shown "actual innocence," the courts adhered to the "longstanding

2

maxim of judicial restraint that it is 'our duty to avoid deciding constitutional questions presented unless essential to proper disposition of the case.'" *Cromwell*, 33 F. Supp. 2d at 287, citing *Alexander*, 991 F. Supp. at 338. *See also Thomas v. Straub*, 10 F. Supp. 2d 834, 836, n.3 (E.D. Mich. 1998).

This court agrees with the approach taken in *Cromwell* and *Alexander* and will turn to the petitioner's claim, assuming that an "actual innocence" exception to the statute of limitations exists. In *Cromwell*, the court

> summarized the "actual innocence" standard announced by the Supreme Court in *Murray v. Carrier*, 477 U.S. 478, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986), and elaborated upon in *Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995), as follows:
>
>> Under *Schlup*, "the petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327, 115 S. Ct. at 867. The Court emphasized that this is a question of actual innocence, and thus "the district court is not bound by the rules of admissibility that would govern at trial" but instead "must make its determination ... 'in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial.'" *Id*. at 327-28, 115 S. Ct. at 867 (quoting Henry Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U. Chi. L. Rev. 142, 160 (1970)).
>>
>> The *Schlup* burden, it should be noted, is not whether no reasonable juror could find petitioner guilty, and is therefore less than the insufficiency of evidence standard of *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *See Schlup*, 513 U.S. at 330, 115 S. Ct. at 868. It is, however, a significantly higher burden than showing prejudice, which only requires a reasonable probability that the factfinder would have reasonable doubt, and moreover is evaluated only in light of the evidence that should have been properly before the factfinder. *See id*. at 332-33, 115 S. Ct. at 870 (O'Connor, J., concurring). In order to pass

3

> through the actual innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* at 327, 115 S. Ct. at 867.
>
> > [T]he Court notes the admonition in *Schlup* that "to be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence that was not presented at trial." *Id.* at 324, 115 S. Ct. at 865; *see also id.* at 329, 115 S. Ct. at 868 ("a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonable, would have voted to find him guilty beyond a reasonable doubt") (emphasis added). This Court does not understand "new" evidence to be limited to evidence that was unavailable at trial, *see id.* at 328, 115 S. Ct. at 867 (court must evaluate "in light of ... evidence tenably claimed to have been wrongly excluded or to have become available only after the trial"), but that a claim of actual innocence must at least present evidence that the original factfinder did not consider to be cognizable. *Accord Embrey v. Hershberger*, 131 F.3d 739, 740-41 (8th Cir. 1997) (en banc). Given the probabilistic standard of *Schlup*, a claim without new evidence unseen by the jury, to be successful, would put the court in the position of asserting that [n]one of the jurors acted reasonably.
>
> [ ] *Keane*, 991 F. Supp. at 339-40.[1]

*Cromwell*, 33 F. Supp. 2d at 287-88 (footnote retained).

The petitioner offers no new evidence in support of his assertions that the jury verdict and sentence were a miscarriage of justice and that he is actually innocent. In sum, he is asking this court to find that the jurors that considered his case acted unreasonably. *See Cromwell*, 33 F. Supp. 2d at 288. He does not dispute the facts, including that he was convicted of capital murder for shooting his mother-in-law and father-in-law outside the Madison County Courthouse following a proceeding in which they were awarded custody of his minor children. (Doc. 8,

---

[1] *See also, e.g., Bousley v United States*, 614 U.S. 523, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (latest Supreme Court decision of the meaning of "actual innocence").

4

Response in Support of Habeas Corpus Petition (2254), p. 2). Instead, he attributes his actions to the devastation he felt following the hearing and his wife's hysteria. (*Id.*). He then "grabbed a gun from the glove box of his car and began shooting." (*Id.*).

The jurors heard extensive testimony during the trial concerning the petitioner's mental history and his mental condition at the time of the offense. The defense presented Dr. William B. Beidleman (doc. 8, trial transcript, pp. 546-717) who extensively reviewed the petitioner's mental history with the jury. He ultimately concluded that the petitioner was not able to appreciate the nature of his actions. (*Id.*, pp. 616-17). The prosecution presented Dr. Lawrence Roger Maier. (*Id.*, pp. 814-925). He concluded that the petitioner was able to appreciate the wrongfulness of his acts. (*Id.*, p. 860). After hearing the testimony, the jurors rejected the defense position and found the petitioner guilty of capital murder.

The petitioner has not made a "colorable showing of actual innocence." *Cromwell*, 33 F. Supp. 2d at 288. He is merely requesting that the court reconsider the verdict. This is insufficient to support his claim under the circumstances. Accordingly, his objection to the report and recommendation is without merit.

### C. The Petitioner Asserts That His Second Post-Conviction Application Was Properly Filed

The petitioner also asserts that his second post-conviction Rule 32 petition was a "properly filed application" under 28 U.S.C. 2244(d). As noted already by the magistrate judge, the one-year time limit for filing a petition under AEDPA can be extended in certain instances. The limitation period is subject to tolling under § 2244(d)(2), which states: "The time during which a properly filed application for State post-conviction or other collateral review with

5

respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Subsection 2244(d)(2) provides for the tolling of the limitation period during those times the petitioner has a "properly filed" post-conviction petition pending in state court. The term "properly filed application" is not defined by the statute.

The Eleventh Circuit Court of Appeals has recently held that in order for a state post-conviction petition to toll the applicable AEDPA statute of limitations, it must be "properly filed" by meeting the time constraints set forth in the applicable state filing deadlines. *Webster v. Moore*, 199 F.3d 1256 (11th Cir. 2000). The court also held that the reviewing federal court should afford the state court's determination of whether the state post-conviction petition was procedurally barred with "due deference." *Webster*, 199 F.3d at 1258-59. In an even more recent opinion, the Eleventh Circuit Court of Appeals has held that to be "properly filed" the state post-conviction petition must not be a prohibited successive petition. *Weekley v. Moore*, ___ F.3d ___, 2000 WL 217493 (11th Cir. 2000). Thus, the pertinent inquiries usually will be (1) whether the petition is "properly filed," and if it was, (2) whether it was pending a sufficient period to toll the limitations period sufficiently to bring the federal habeas corpus filing date within the one-year limitations period. *Webster*, 199 F.3d at 1259.

The court agrees with the magistrate judge's finding in this case that the petitioner's second Rule 32 petition was procedurally barred as a successive petition under Rule 32.2(b) of the *Alabama Rules of Criminal Procedure*. Because the second petition is a prohibited successive petition under Alabama law, it is not a "properly filed application" for purposes of tolling the statute of limitations for filing the petitioner's federal application for habeas corpus relief. His federal petition is time-barred from review. Because the second petition is not

properly filed, there is no need to consider the length of time it was pending.

## III. CONCLUSION

The court has considered the entire file in this action, including the "Magistrate Judge's Report and Recommendation" and the petitioner's objections, and has reached an independent conclusion that the "Magistrate Judge's Report and Recommendation" is due to be adopted and approved. The court hereby adopts and approves the findings and recommendation of the magistrate judge as the findings and conclusion of the court. In accordance with those findings, the additional findings made herein, and the recommendation of the magistrate judge, this petition for writ of habeas corpus is due to be denied and dismissed with prejudice. An appropriate order will be entered.

**DONE**, this 23rd day of March, 2000.

*James H. Hancock*
JAMES H. HANCOCK
SENIOR UNITED STATES DISTRICT JUDGE